**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 13-4991**

_____

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

BIDCAR EDUARDO OROZCO OROZCO, a/k/a Bidcar Eduardo Orosco, a/k/a Bidcar Ezer Orozco-Orozco, a/k/a Jesus Miguel Sosa, a/k/a Eric Castro, a/k/a Erik Rodriguez Castro, a/k/a Castillo Erik Rodriguez, a/k/a Ruben Matias Calmo Porfirio, a/k/a Justo Pastor Padilla,

Defendant – Appellant.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Thomas D. Schroeder, District Judge. (1:13-cr-00225-TDS-1)

_____

Submitted: July 24, 2014          Decided: July 28, 2014

_____

Before FLOYD and THACKER, Circuit Judges, and DAVIS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Sandra Baughn Jelovsek, LAW OFFICE OF SANDRA BAUGHN JELOVSEK, Johnson City, Tennessee, for Appellant. Kyle David Pousson, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Bidcar Eduardo Orozco Orozco appeals his conviction and ninety-six-month sentence imposed following his guilty plea to illegal reentry subsequent to an aggravated felony, in violation of 8 U.S.C. § 1326(a), (b)(2) (2012). On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious issues for review but questioning whether (1) Orozco Orozco's plea was knowing and voluntary, (2) Orozco Orozco's prior conviction was properly designated an "aggravated felony" under § 1326(b)(2), (3) the district court imposed a reasonable sentence, (4) Orozco Orozco's statements to law enforcement were taken in violation of Miranda v. Arizona, 384 U.S. 436 (1966), and (5) Orozco Orozco was informed after his arrest of his rights under the Vienna Convention. For the reasons that follow, we affirm.

Before accepting a guilty plea, the district court must conduct a plea colloquy in which it informs the defendant of, and determines that he comprehends, the nature of the charge to which he is pleading guilty, the maximum possible penalty he faces, any mandatory minimum penalty, and the rights he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b)(1); United States v. DeFusco, 949 F.2d 114, 116 (4th Cir. 1991). The court also must ensure that the plea is voluntary, supported by an independent factual basis, and not the result of force,

2

threats, or promises outside the plea agreement. Fed. R. Crim. P. 11(b)(2), (3). Because Orozco Orozco did not challenge his guilty plea in the district court, we review the plea colloquy for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002); see Henderson v. United States, 133 S. Ct. 1121, 1126-27 (2013) (discussing standard of review).

Here, the district court fully complied with the requirements of Rule 11, ensuring that Orozco Orozco's plea was knowing and voluntary and supported by an independent factual basis. We discern no basis to doubt Orozco Orozco's understanding of the statutory penalties applicable to his offense, or to question his knowing and voluntary plea as a result of the advisements regarding those penalties provided to him during the plea colloquy.

A defendant who illegally reenters the United States after having been removed following a conviction for an aggravated felony is subject to a twenty-year term of imprisonment. 8 U.S.C. § 1326(b)(2). Aggravated felonies includes "crime[s] of violence," as defined in 18 U.S.C. § 16 (2012), for which the term of imprisonment is at least one year. 8 U.S.C. § 1101(43)(F) (2012). A "crime of violence" includes "an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 16(a). As counsel concedes, Orozco

3

Orozco's conviction for assault with a deadly weapon inflicting serious bodily injury is properly classified as a "crime of violence." See N.C. Gen. Stat. § 14-32 (2013); see also State v. Walker, 694 S.E.2d 484, 494-95 (N.C. Ct. App. 2010) (defining "serious injury").

We review a sentence for reasonableness, applying "a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). We "first ensure that the district court committed no significant procedural error," including improper calculation of the Guidelines range, insufficient consideration of the 18 U.S.C. § 3553(a) (2012) factors, and inadequate explanation of the sentence imposed. Id. at 51. If we find no procedural error, we examine the substantive reasonableness of the sentence under "the totality of the circumstances." Id. The sentence must be "sufficient, but not greater than necessary," to satisfy the goals of sentencing. 18 U.S.C. § 3553(a). A within-Guidelines sentence is presumed on appeal to be substantively reasonable, and the defendant bears the burden to "rebut the presumption by demonstrating that the sentence is unreasonable when measured against the § 3553(a) factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted).

4

Our review of the record before us demonstrates that the sentence is procedurally reasonable, as the district court properly calculated the Guidelines range, considered the parties' arguments, and provided a thorough explanation for the sentence imposed. Further, Orozco Orozco fails to rebut the presumption of reasonableness accorded his within-Guidelines sentence.

Counsel also questions whether Orozco Orozco's arrest violated his rights under the Vienna Convention and whether his post-arrest questioning violated Miranda. However, Orozco Orozco's guilty plea forecloses relief on these grounds. See United States v. Moussaoui, 591 F.3d 263, 279 (4th Cir. 2010) ("[T]he defendant who has pled guilty has no non-jurisdictional ground upon which to attack that judgment except the inadequacy of the plea or the government's power to bring any indictment at all." (internal quotation marks and citations omitted)). Additionally, we have reviewed Orozco Orozco's pro se supplemental brief and discern from it no valid basis to overturn the criminal judgment.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Orozco Orozco's conviction and sentence. This court requires that counsel inform Orozco Orozco, in writing, of his right to petition the Supreme Court of the

5

United States for further review. If Orozco Orozco requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Orozco Orozco.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>